IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

| | | |
|---|---|---|
| MARC ROSENBLATT<br>61 Fox Hollow Lane<br>Sewell, NJ 08080 | : <br> : <br> : <br> : | CIVIL NO. _____ |
| Plaintiff, | : <br> : | **JURY TRIAL DEMANDED** |
| v. | : <br> : | |
| AMERICAN EXPEDITING LOGISTICS, LLC<br>1400 N. Providence Road, Suite 410<br>Media, PA 19063 | : <br> : <br> : <br> : | |
| Defendant. | : | |

---

## COMPLAINT – CIVIL ACTION

Plaintiff, Marc Rosenblatt ("Plaintiff"), by and through his undersigned attorneys, for his Complaint against Defendant American Expediting Company ("Defendant"), alleges as follows:

## INTRODUCTION

1. Plaintiff brings this Complaint contending that Defendant has violated Plaintiff's rights protected by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.* ("Title VII") and the Pennsylvania Human Relations Act, 43 PA. C.S.A. § 951 *et seq.* ("PHRA") by terminating Plaintiff's employment because of his religion and in retaliation for Plaintiff's reports of discrimination in connection thereto. As a result, Plaintiff has suffered damages as set forth herein.

## PARTIES

2. Plaintiff Marc Rosenblatt is a citizen of the United States who presently maintains a residence at 61 Fox Hollow Lane, Sewell, NJ 08080,

3. Defendant American Expediting Logistics, LLC is a for-profit business entity that maintains a registered business address of 1400 N. Providence Road, Suite 410, Media, PA 19063.

## JURISDICTION AND VENUE

4. On or about September 24, 2024, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") thereby satisfying the requirements of 42 U.S.C. 200035(b) and (e). Plaintiff's EEOC Charge was docketed as EEOC Charge No. 530-2024-09743, and was filed within one hundred and eighty (180) days of the unlawful employment practice complained of herein.

5. By correspondence dated January 20, 2026, Plaintiff received a Notice of Right to Sue from the EEOC regarding his Charge, advising that he had ninety (90) days to file suit against Defendant.

6. Within the statutory time frame, Plaintiff filed the instant action.

7. Plaintiff has therefore exhausted her administrative remedies and has complied with all conditions precedent to maintaining this action.

8. This action is authorized and initiated pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. ("Title VII").

9. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and § 1343, as it is a civil rights action under the laws of the United States.

10. The venue in this district is proper pursuant to 28 U.S.C. § 1391, inasmuch as the Defendant maintains a place of business in this district at which Plaintiff worked and the events giving rise to this action occurred within this district.

## FACTUAL BACKGROUND

11. Paragraphs 1 through 10 are hereby incorporated by reference as though the same were fully set forth at length herein.

12. Plaintiff began his employment with Defendant on or about June 28, 2010 in the position of Warehouse Associate.

13. Plaintiff worked as a Warehouse Associate for Defendant for over thirteen (13) years.

14. Plaintiff performed his job well, received positive praise for his work performance, and was not subject to any justifiable discipline.

15. Most recently, Plaintiff was promoted to a Warehouse Lead position.

16. Plaintiff is Jewish and observes the religious practices of Judaism, which, at all times material hereto, Defendant was aware of.

17. At or around the time of Plaintiff's promotion to Warehouse Lead, he began being subjected to numerous discriminatory comments and harassment about his religion from both employees and supervisors.

18. By way of one example, Defendant's Operations Manager specifically called Plaintiff a "Jew" in a negative manner in several occasions.

19. By way of one example, Defendant's Michael Last Name Unknown ("Michael LNU") would make comments about Plaintiff and Plaintiff being Jewish in a negative manner with discriminatory connotations.

20. Michael LNU's comments included, by way of example, "He has money, he is a Jew," while talking about Plaintiff.

21. By way of example, Defendant's Shawn Burke ("Mr. Burke") would make comments about Plaintiff and Plaintiff being Jewish in a negative manner with discriminatory connotations.

22. Mr. Burke's comments included, by way of example, "Marc, you go by the pizza, you are Jewish, you have money," when talking to Plaintiff buying food for the staff.

23. The aforementioned comments are examples and are not intended to be an exhaustive list of the discriminatory comments Plaintiff was subjected to.

24. Plaintiff specifically reported and complained about the religious discrimination he was being subjected to Defendant's Human Resources numerous times.

25. In addition, Plaintiff asked Human Resources and his Manager to go back to his previous position of Warehouse Associate of which Plaintiff worked for over 13 years.

26. Plaintiff received no adequate response, both to his complaints/reports of discrimination and to his request to return to his previous position.

27. The sole response from Defendant was that Plaintiff "would be fine" in his newly promoted position.

28. Upon information and belief, Plaintiff avers that Defendant pretextually promoted and/or kept Plaintiff in his promoted position in order to "document" alleged "performance issues" to use to terminate Plaintiff's employment.

29. Notably, upon information and belief, Plaintiff avers that the same was being dome in retaliation of Plaintiff's reports and complaints of religious discrimination that he lodged.

30. On or about May 8, 2024 and May 28, 2024, Defendant pretextually issued Plaintiff a write-up for "performance."

4

31. Notably, Plaintiff had never once received a write-up for "performance" during his over 13 years working for Defendant.

32. On or about May 29, 2024, Defendant suddenly terminated Plaintiff's employment, allegedly due to the aforementioned "performance" reasons.

33. Accordingly, it is believed and therefore averred that Plaintiff was discriminated against because of his religion and in retaliation for Plaintiff's good-faith complaint/report of discrimination in connection thereto.

34. Defendant's alleged reasons for terminating Plaintiff were clearly pretextual.

35. As a result of Defendant's aforesaid illegal actions, Plaintiff has suffered damages.

## COUNT I
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
## 42 U.S.C. § 2000e, *et seq*.
## RELIGIOUS DISCRIMINATION and RETALIATION

36. Paragraphs 1 through 35 are hereby incorporated by reference as though the same were fully set forth at length herein.

37. Defendant employed at least fifteen (15) employees at its various locations at all times relevant hereto.

38. Plaintiff is Jewish and observes the practice of Judaism and, as such, is a member of a protected class.

39. Defendant was aware of Plaintiff's religion.

40. Plaintiff was subjected to discrimination, as described at length above, on the basis of his religion.

41. Plaintiff's internal complaints of religious discrimination constituted protected activity within the meaning of Title VII.

42. Despite Defendant's knowledge that Plaintiff was subjected to discrimination on the basis of his religion, Defendant failed to take appropriate remedial action to counter the conduct, which continued unabated until Plaintiff's termination.

43. Plaintiff was subjected to retaliation, as described at length above, for his complaints of discrimination..

44. Plaintiff was terminated on the basis of his religion and in a clear act of retaliation for his reports of discrimination for the same.

45. Defendant's conduct as alleged herein constitutes unlawful discrimination because of religion and retaliation for opposing workplace discrimination in violation of Title VII.

46. As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of employment, promotion benefits, earnings and earnings potential, and other significant economic benefits, emotional pain and suffering, emotional distress, and humiliation.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

A. Back wages and front pay, in an amount to be determined at trial, but no less than one hundred and fifty thousand dollars ($150,000.00).

B. Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

C. Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this action;

D. Pre-judgment interest in an appropriate amount; and

E. Such other and further relief as is just and equitable under the circumstances.

## COUNT II
## THE PENNSYLVANIA HUMAN RELATIONS ACT
## 43 PA. C.S.A. § 951, *et seq.*
## RELIGIOUS DISCRIMINATION and RETALIATION

47. Paragraphs 1 through 46 are hereby incorporated by reference as though the same were more fully set forth at length herein.

48. At all times relevant hereto, Plaintiff was an employee within the meaning of the Pennsylvania Human Relations Act, 43 PA. C.S.A. § 951 *et seq.* ("PHRA").

49. Pursuant to the PHRA, Defendant unlawfully and illegally discriminated against Plaintiff on the basis of his religion.

50. Defendant acted with malice and with reckless indifference to Plaintiff's civil rights and emotional and physical well-being.

51. Because of Defendant's unlawful acts, Plaintiff suffered damage in the form of, *inter alia*, loss of past and future wages and compensation, loss of reputation and standing in the professional community, personal humiliation, embarrassment, and loss of life's enjoyment.

52. As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of employment, promotion benefits, earnings and earnings potential, and loss of other significant economic benefits.

53. As a direct and proximate result of Defendant's illegal discrimination, Plaintiff has suffered and will continue to suffer harm, and is entitled to all legal and equitable remedies available under the PHRA.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant and grant the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, loss of fringe benefits, and raises in an amount to be determined at trial;

B. Compensatory, exemplary, and/or punitive damages;

C. Pre-judgment interest in an appropriate amount; and

D. Such other and further relief as is just and equitable under the circumstances;

E. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable law.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted

**MURPHY LAW GROUP, LLC**

By: */s/ Andrew J. Schreiber*
Andrew J. Schreiber, Esq.
Michael Murphy, Esq.
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-021
aschreiber@phillyemploymentlawyer.com
murphy@phillyemploymentlawyer.com
*Attorneys for Plaintiff*

Dated: January 27, 2026

## **DEMAND TO PRESERVE EVIDENCE**

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to his potential claims and his claims to damages, to any defenses to same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.